

FILED

JAN 3 0 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DARLENE CORTEZ,     )
        )
    Plaintiff,     )
        )
    v.     )    Civil Action No.: 1:19-cv-00100 (UNA)
        )
        )
MOHAMMED BIN SALMAN     )
ABDULAZZIZ ALSAUD, *et al.*,     )
        )
    Defendants.     )

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because, under the statute governing IFP proceedings, the Court is required to dismiss a case "at any time" if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The complaint consists of rambling and unconnected statements and allegations.[1] Plaintiff sues two Saudi Arabian princes. Compl. at caption, 6. Plaintiff alleges that defendants have stolen her children, "born and unborn, for huge financial wealth econimic [sic] gains, and political power, and political wealth." *Id.* She also alleges that defendants have "stolen billions of dollars of wealth from [her]," and have stalked and spied on her [sic] "using high power survallence and with FISA wiretaps gotten by police, FBI, Interpol, legally, for illegal use, to survail and hurass" her. *Id.* She

---

[1] Plaintiff has filed a substantially similar complaint with this Court, *see Cortez v. Alsabah, et al.*, No. 12-cv-01874 (UNA) (D.D.C. filed Nov. 19, 2012). While the defendants in the previous matter differed, the allegations are fundamentally identical. The Court dismissed the prior matter as frivolous, *see* Mem. Op. & Ord., ECF Nos. 3–4 (D.D.C. entered Nov. 27, 2012).

believes that defendants have "blocked and controlled all forms of communications" including her "phone, tv, radio, fax, internet, [and] delivered mail." *Id.* Plaintiff goes on to allege that unknown individuals bribed a New York judge to deny her custody of her children. *Id.* at 7. She believes that this custody denial is related to a wide-ranging conspiracy including, but not limited to, plaintiff's family members, the Philadelphia police, and various members of the Kennedy, Schwarzenegger, Rooney, Popitti, and Cuomo families. *Id.* at 7, 9–10. Among other forms of relief, plaintiff demands that the Loudon County Schools Superintendent provide her with records containing the "names, birthdates, social security numbers, addresses, phone numbers, and complete school file[s]" of various students. *Id.* at 11.

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307–8 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").

The instant complaint satisfies this standard and warrants dismissal with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (internal citations omitted). A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: January 28 , 2019